IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*PLEADING BUNDLE B3* | CIVIL ACTION NO. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |
| LIZZIE MARTIN,<br>    PLAINTIFF,<br> VERSUS<br>BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY AND BP p.l.c., TRANSOCEAN HOLDINGS LLC, TRANSOCEAN DEEPWATER INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., AND HALLIBURTON ENERGY SERVICES, INC.,<br>    DEFENDANTS. | CIVIL ACTION NO. _____<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff LIZZIE MARTIN ("Plaintiff") now files this individual Complaint pursuant to Pretrial Order No. 63. *See* Order, February 22, 2017, [ECF No. 22295]. Plaintiff alleges as follows:

## I. ADOPTION AND INCORPORATION OF PRIOR PLEADINGS

1. Plaintiff adopts and incorporates by reference all matters originally pled in Plaintiff's Complaint for damages, *see* Compl., No. 2:13-cv-02222, April 20, 2013, Rec. Doc. 1, and in Plaintiff's Direct Filing Short Form, *see* Direct Filing Short Form, No. 2:10-cv-08888-CJB-SS, Rec. Doc. 82956 (hereinafter collectively referred to as "Original Complaint").

2. Additionally, Plaintiff adopts and incorporates by reference all matters originally pled in the B3 First Am. Master Compl., [ECF No. 1805-1] (hereinafter collectively referred to as "Master Complaint").

3. Plaintiff further adopts and incorporates by reference the facts determined by this Court. *See* Findings of Fact and Conclusions of Law, Rec. Doc. 13355.

## II. PARTIES

4. Plaintiff LIZZIE MARTIN is an individual who is a citizen of the United States and a resident of the state of Mississippi.

5. Plaintiff timely requested to opt out of the settlement class and/or Plaintiff has been excluded from participation in the settlement class.

6. If required, Plaintiff made "presentment" of Plaintiff's claim(s) in accord with 33 U.S.C. §§ 2702(b) and 2713.

7. If applicable, BP denied the Plaintiff's presentment or otherwise failed to adequately consider and respond to Plaintiff's demand within 90 days.

8. Plaintiff brings this case against the following Defendants:

    a. BP Exploration & Production, Inc. ("BP Exploration"), is a Delaware corporation with its principal place of business in Warrenville, Illinois. This Court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in the State of Louisiana.

  b. BP America Production Company ("BP America"), is a Delaware corporation with its principal place of business in Houston, TX. This Court has personal jurisdiction over BP America because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in the State of Louisiana.

  c. BP p.l.c., is a British public limited company with its corporate headquarters in London, England. This Court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long-arm general jurisdiction provision in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

  d. Transocean Holdings LLC ("Transocean Holdings"), is a Delaware Corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Holdings because Transocean Holdings maintains continuous and systemic contacts in the State of Louisiana.

  e. Transocean Deepwater Inc. ("Transocean Deepwater"), is a Delaware Corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Deepwater because Transocean Deepwater maintains continuous and systemic contacts in the State of Louisiana.

  f. Transocean Offshore Deepwater Drilling Inc. ("Transocean Offshore"), is a Delaware Corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Transocean Offshore because Transocean Offshore maintains continuous and systemic contacts in the State of Louisiana.

  g. Halliburton Energy Services, Inc. ("Halliburton"), is a Delaware Corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over Halliburton because Halliburton is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime Jurisdiction."

10. In addition, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1333.

11. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the case involves citizens of different states.

12. This Court also has jurisdiction pursuant to the Admiralty Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the federal judiciary to cases involving injury or damage to person or property caused by a vessel on navigable waters, even when the injury or damage was done or consummated on land.

13. Plaintiff brings this action on the "law side" of the court based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and the saving clause in 28 U.S.C. § 1333; as such, Plaintiff demands a jury trial.

14. Plaintiff reserves the right to seek a transfer of venue to the District where Plaintiff's resided at the time the claims arose, or to the District where the events and/or omissions that form the basis for this Complaint occurred.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff adopts and incorporates by reference all factual allegations originally pled in Plaintiff's Original Complaint and the Master Complaint.

16. Plaintiff further adopts and incorporates by reference the factual findings that have been determined by this Court. *See* Findings of Fact and Conclusions of Law, Rec. Doc. 13355.

17. Plaintiff further adopts and incorporates by reference the factual allegations contained in the Plaintiff's Sworn Statement form attached hereto as Exhibit A.

18. Plaintiff, as a direct and proximate result of the Deepwater Horizon explosion and subsequent oil spill, was injured as a result of exposure to oil and/or oil-dispersing chemicals and/or decontaminants by virtue of Plaintiff's environment.

## V. CAUSES OF ACTION

19. Plaintiff adopts and incorporates by reference all causes of action originally asserted in Plaintiff's Original Complaint and the Master Complaint and the factual allegations in support thereof.

20. Plaintiff further adopts and incorporates by reference the factual findings that have been determined by this Court. *See* Findings of Fact and Conclusions of Law, Rec. Doc. 13355.

21. As a result of Defendants' negligence; strict liability; gross negligence; willful and wanton conduct; and violations of applicable safety, construction, or operation regulations and/or statutes; Plaintiff has sustained and will continue to sustain the following damages:

   a. economic, income, property, and compensatory damages;

   b. personal injury damages, including past and future medical expenses and pain and suffering; and

   c. attorneys' fees, claim preparation expenses, and costs of litigation.

22. Additionally, as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. compensatory damages in amounts to be determined at trial;

b. actual damages including, but not limited to:

   1. past and future lost wages;

   2. past and future medical expenses including the costs of medical monitoring;

   3. past and future loss of personal services; and

   4. past and future intangible losses, including those for pain and suffering.

    c.    punitive damages and/or exemplary damages;

    d.    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    e.    attorneys' fees and costs of litigation; and

    f.    any further relief and damages available under all applicable state and federal laws, as well as any and all relief that this Court deems just and proper.

Respectfully submitted,

/s/ Paul A. Dominick
Paul A. Dominick   Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
Phone:  843.577.9440
Facsimile:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
Phone:  504-482-5711
Facsimile:  504-482-5755
Dglsschmdt@yahoo.com

April 27, 2017                        Attorneys for Plaintiff

**Certificate of Service**

I hereby certify that on April 27, 2017, the above and foregoing Complaint has been served on All Counsel by electronically uploading the same to Lexis File & Serve in accordance with the Court's Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179. Further this Complaint was served in accordance with Pretrial Order No. 63 upon the necessary parties, as instructed.

/s/ Paul A. Dominick
Paul A. Dominick